## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDEN MAURICE LABARGE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00476 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Branden Maurice Labarge, Pro Se Petitioner; S. Cagel Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Respondent.*

Branden Maurice Labarge, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Labarge contends that the court should revisit his convictions and sentences based on post-conviction court decisions reinterpreting the statute under which he was convicted. In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that such post-conviction changes to statutory interpretation do not provide grounds to challenge a conviction

---

[1] The record indicates that when Labarge filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County, located within this judicial district.

or sentence in a § 2241 petition.[2]  Therefore, I will grant the respondent's Motion to Dismiss the § 2241 petition.

## I.

Labarge was sentenced in the United States District Court for the Northern District of Iowa in 2007 for two counts of violating 18 U.S.C. § 924(c).  The court sentenced Labarge to a total term of 384 months in prison for those offenses but dismissed several other counts.  Labarge states, and online records confirm, that he did not appeal, and a prior Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was dismissed with prejudice.

Labarge filed his § 2241 petition in this court in 2022.  He argues that his convictions and sentences under § 924(c) should be vacated based on an alleged change in statutory interpretation.  The court stayed Labarge's petition pending the Supreme Court's decision in *Hendrix*.  Once the Supreme Court had issued its decision, the respondent filed a Motion to Dismiss.  Although the court notified Labarge of his opportunity to respond to the motion, the court has received no response from him, and the time allotted for his response has elapsed.  Thus, I find the motion to be ripe for consideration.

---

[2]  In so holding, the *Hendrix* Court overruled the Fourth Circuit's decisions in *In re Jones*, 226 F.3d 328 (4th Cir. 2000) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

II.

"[T]he procedures set forth in § 2255 are the appropriate vehicle for a defendant's challenge to his federal conviction and/or sentence." *United States v. Ferguson*, 55 F.4th 262, 271 (4th Cir. 2022). Section 2255(h) requires that a second or successive § 2255 motion be certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Hendrix,* 599 U.S. at 469-70. And without pre-filing authorization from the court of appeals, a district court lacks jurisdiction to hear a successive § 2255 motion. *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

Section 2255(e), known as the saving clause, permits a defendant to file a habeas corpus petition under 28 U.S.C. § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C.

§ 2255(e).  In the *Hendrix* case, the Supreme Court addressed the question of whether the "limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed" under § 2241 with a claim based on favorable, post-conviction statutory interpretation.  599 U.S. at 470.  The Court held that it does not.  *Id.*  Specifically, the Court held that "the saving clause does not authorize . . . an end-run around" the "two — and only two — conditions in which a second or successive § 2255 may proceed" as described in § 2255(h).  *Id.* at 477.  Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  *Id.* at 478.  The Court expressly held that "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction in his case." *Id.* at 480.

The proper avenue by which to pursue Labarge's claims is a § 2255 motion, but his past attempt at relief under § 2255 was unsuccessful.  The mere fact that his present statutory interpretation claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does not make § 2255 "inadequate or ineffective" such that he may proceed with those claims under § 2241

instead.  *Id*.  Nor does Labarge identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court."  *Id.* at 474.  Consequently, I lack jurisdiction over Labarge's § 2241 petition. *Joy*, 585 F. App'x at 34.

III.

For the reasons stated herein, I will grant the respondent's Motion to Dismiss and dismiss the § 2241 petition for lack of subject-matter jurisdiction.

A separate Final Order will be entered herewith.

DATED:   February 8, 2024

/s/  JAMES P. JONES
Senior United States District Judge